Givin vs. Cody.

GIVIN, RESPONDENT, vs. CODY, APPELLANT

1. When no instructions have been given or refused—no action of the court complained of, the finding of the jury will not be disturbed.

## APPEAL from Law Commissioner's Court.

### BLENNERHASSETT & SHREVE, for Appellant.

It is insisted, upon a review of the evidence, that a new trial should have been granted, because the evidence is palpably against the verdict. All the evidence clearly shows that all the injury done was the result of the appellee's own gross misconduct, and that the appellant used every caution to avoid doing the appellee's horse any injury. It shows even more, that the injury claimed to have been done was not done by the appellant. The counsel for the defendant below, relying upon the evidence, as adduced, confidently submitted the case, without introducing any testimony, although several witnesses were in attendance for defendant below.

It is only asked of the supreme court, in the exercise of that discretion which is vested in them, to revise and reverse a judgment when the entire evidence shows error by the jury. In this case it cannot be said the jury may not have believed the witnesses and that the supreme court hesitates to reverse the judgment of a jury who ought to be best able to correct or discredit the witnesses; for no evidence was offered by the defendant below, and we insist, by the plaintiff's own showing, that the verdict should have been for the defendant below. The supreme court have repeatedly said that they would revise a judgment when it was manifestly against the evidence: See Harit vs. Leavenworth, 11 Mo. Rep., p. 629, and generally.

### MORROW & DELAFIELD, for respondent.

This is simply a question of exception to the court below in overruling a motion for a new trial, on the ground that the court below erred in points of law to which no ground of exception has been pointed out, nor was any exception taken. nor ground thereof specified.

This court will not take notice of exceptions where the grounds thereof are not set forth. Also, it is insisted, that the court below erred in giving judgment against evidence.

This cause was tried by a jury duly qualified; and there appearing no collusion, fraud, undue influence, or partiality on the part of the jury, and the facts sustaining their verdict, this court will not make another finding of facts than that of the jury below.

Thompson, to use of Buckner, vs. The St. Louis Perpetual Insurance Company.

RYLAND, J., delivered the opinion of the court.

This was a case in the Law Commissioner's court. It was tried before a jury: the plaintiff offered evidence and closed his case. The defendant offered no evidence. No instructions were asked and none were given.

The jury found for the plaintiff; the defendant moved for a new trial on the following grounds: First, because the verdict was against the law; Secondly, because the verdict was against the evidence and the weight of the evidence; Thirdly, because the verdict of the jury should have been for the defendant.

The case presents the naked question of new trial, upon the facts in proof. We will not disturb the finding below. The jury is the proper tribunal to find facts. Where no instructions have been given or refused, no rulings of the court complained of, we again repeat our disinclination to interfere in any such cases. The other judges concurring, the judgment below is affirmed.